UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| OPAL SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| *versus* | § | CIVIL ACTION H-05-622 |
| | § | |
| | § | |
| EZ PAWN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A sales clerk at a pawn shop says that she was fired because she is black. She cannot show that the hispanic workers who were not fired made the same mistakes that she did. The pawn shop has moved for summary judgment and will prevail.

2. *Background.*

Opal Shelton began working for EZ Pawn in September 1996. She was a sales clerk who was responsible for a cash drawer. Aldo Torres became her manager at the end of 2003.

On December 27, 2003, Torres reprimanded her for being $17.07 short at the end of her shift two weeks earlier. She protested the reprimand, claiming that the shortage was caused by a missing credit card slip that was later found. On April 12, 2004, Torres reprimanded her for two other acts. On April 8, her cash drawer was missing $110; she claimed that Torres misplaced the money, not her, but her explanation at the time concedes that the sum was in the wrong cashdrawer. On April 10, a customer found a bracelet that she had left on the counter and returned it to the assistant manager. Torres fired her right after he reprimanded her.

She filed a charge of employment discrimination with the Equal Employment Opportunity Commission, and it notified her of her right to sue. She sued EZ Pawn for pay discrimination, a theory that she later dropped, and racial discrimination.

3.   *Hernandez and Lopez.*

As an African-American, Shelton is a member of a protected class. She was fired – an adverse employment action. She claims that two hispanic women lost money and jewelry yet kept their jobs. Her evidence contradicts her claim.

Angie Hernandez and Liz Lopez had the same duties as Shelton at EZ Pawn. Shelton says that Hernandez was not fired after she lost $4,000 of jewelry because she was hispanic. The shop's security guard says that a security video showed Hernandez leave unattended jewelry that a man picked up and took from the shop. EZ Pawn investigated the loss, but the investigation ended inconclusively. The manager reprimanded Hernandez for leaving the jewelry out of the case but not for the $4,000 loss.

The event occurred *before* Torres worked at EZ Pawn. The manager at the time of the investigation treated the $4,000 loss differently than Torres treated Shelton's losses. Shelton cannot show that the difference was based on race.

Shelton cannot show that Lopez was treated better than her, either. Torres's predecessor counseled her in February 2003 for "excessive tardiness." Torres reprimanded her in January 2004 for wearing an improper uniform. Shelton has shown that Lopez was late and sloppy, but she cannot show that she lost cash. She has no fact to support her position that EZ Pawn made an invidious distinction between improper uniform and cash losses.

4.   *Conclusion.*

Shelton cannot show that the hispanic workers who were similarly situated to her were treated better than she was. Torres was less tolerant of losses than his predecessor. She has no evidence of racial discrimination.

Signed June 20, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge